IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-35-JFH-GLJ |
| ) | |
| JEFF BRYANT, ATOKA COUNTY ) | |
| SHERIFF'S OFFICE, CLIFF TAYLOR, ) | |
| ATOKA POLICE DEPARTMENT, ) | |
| MCALESTER POLICE DEPARTMENT,) | |
| PITTSBUG COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Amended Complaint [Docket No. 8] and his Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 6]. On February 6, 2025, the Court referred this matter to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 2]. Upon consideration of the motion and Amended Complaint, the undersigned Magistrate Judge recommends that this action be DISMISSED, *sua sponte*, and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 6] be denied as MOOT.

### I.     Background and Procedural History

Plaintiff Steven Brown, proceeding *pro se*, filed this action on February 6, 2025, against Jeff Bryant, a Tribal Police Sergeant; the Atoka County Sheriff's Department; Atoka County Deputy Sheriff Cliff Taylor; the McAlester Police Department; and the

Pittsburg County Sheriff's Department ("Defendants").  Plaintiff used a "Pro Se Civil Rights Complaint" form, and checked the box that jurisdiction was based on *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Docket No. 1, pp. 1-2.  Upon review of Plaintiff's original Complaint, the undersigned Magistrate Judge invited Plaintiff to file an Amended Complaint on or before March 14, 2025 [Docket No. 5], to correct numerous errors including failing to attach a Civil Cover Sheet, using the wrong Complaint form, and failing to sign the Complaint, as well as failing to include clear statements as to the causes of action.  Plaintiff filed his Amended Complaint on March 10, 2025 [Docket No. 8].

Plaintiff's Amended Complaint was accompanied by an appropriate Civil Cover Sheet [Docket No. 7].  While it fails to include the first page of the form Complaint, it otherwise is contained on the same form, with numerous additional handwritten pages. Plaintiff identifies Defendants as Tribal Police Jeff Bryant with the Choctaw Police, Deputy Sheriff Cliff Taylor, the Atoka Police Department, and the McAlester Sheriff's Department.  *See* Docket No. 8, p. 1.  Plaintiff cites to numerous federal statutes, including 42 U.S.C. § 1983 and 42 U.S.C. § 14141, as well as criminal statutes, alleging violations of his civil rights and conspiracy.  He states, "I am got a lot of civil rights violation and they have aded and abedted Brandon as he stole from me." *Id.*, p. 5.  As with the original Complaint, Plaintiff's Amended Complaint is focused on the named Defendants (and others) "allowing Brandon Morris Junior to steal from me as long as he break in my vehicle for them," *Id.*, p. 2, among other actions, and alleges Morris is a drug dealer, p. 19.  Plaintiff asks the Court to subpoena records from various agencies, including "The Citizen

2

Complaint Office," the Attorney General's office, the FBI, OSBI, and the Department of Justice. *Id.*, p. 10. He contends racism "plays a big part in why I was discriminated against," *id.*, p. 14. He again alleges that his civil rights were violated when a tracker was placed on his phone. *Id.*, p. 41. Plaintiff again requests $1,000,000 in damages as Morris "been stealing from me 10 years and Jeff Bryant along with Cliff Taylor is aiding and abedding." *Id.*, p. 42. Because Plaintiff is proceeding *pro se*, the undersigned Magistrate Judge liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a *pro se* party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers.").

## II.    Analysis

Complaint Allegations. The Court reviews filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

As stated in the undersigned Magistrate Judge's previous Order [Docket No. 5], Plaintiff is not required to make out a perfect case in his Complaint. Rather, [i]t suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264,

3

267 (10th Cir. 1994). Notwithstanding these provisions, courts may dismiss an action, *sua sponte*, pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall*, 935 F.2d at 1108. "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id.* (citations omitted). Moreover, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

"*Sua sponte* dismissals are generally disfavored by courts." *Banks v. Vio Software*, 275 Fed. Appx. 800 (10th Cir. 2008). A court shall, however, dismiss a case at any time if it determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Indeed, the Tenth Circuit has instructed that a district court is *required* to dismiss an IFP claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-95 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* pleadings are held to a less stringent

standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.* A § 1983 claim is comprised of two essential elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Upon review of Plaintiff's Amended Complaint, the undersigned Magistrate Judge finds he fails to state a claim for relief. First, Plaintiff again appears to name Defendants mentioned only in the text and not in the heading and/or improperly attempts to name Defendants that are not legally suable entities: the Atoka Police Department, Atoka County Sheriff's Office, McAlester Police Department, and Pittsburg County Sheriff's Department, *see Lindsey v. Thomson*, 275 Fed. Appx. 744, 747 (10th Cir. 2007) (noting that Sheriff's departments and police departments are not usually considered legal entities subject to suit) (collecting cases). Additionally, despite previous admonitions, Plaintiff has handwritten his allegations on both front and back pages, which is not permitted. *See* Loc. Civ. R. 5.2(a) ("Only one side of the paper shall be used[.]").

Second, Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). Indeed, it is difficult to decipher Plaintiff's claims, as he largely focused on the actions of Mr. Brandon Morris, Jr., asserting the named officers used Morris to break into his vehicle and place a tracker on it, for purposes of theft, harassment, and stalking. Plaintiff fails to clearly identify, however, when these events took place, who specifically did what, and how they rise to the level of federal civil rights violations. Therefore, the undersigned Magistrate Judge finds Plaintiff's action fails to state a claim upon which relief can be granted and recommends that the matter be dismissed without prejudice and Plaintiff's Motion to proceed *In Forma Pauperis* [Docket No. 3] be denied as moot.

**Conclusion**

Plaintiff fails to articulate a plausible claim for which any relief can be granted, as the allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's action be DISMISSED without prejudice, for failure to state a claim upon which relief can be granted. Furthermore, the undersigned Magistrate Judge recommends Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 6] be denied as MOOT. Any objections to this Report and Recommendation must be filed within fourteen days, or by February 20, 2025. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED** this 17th day of March, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**